BAY CITY SCHOOL DISTRICT v BAY CITY EDUCATION
ASSOCIATION, INC

Docket No. 66719. Submitted October 13, 1983, at Lansing.—Decided
     April 16, 1984. Leave to appeal applied for.

The Bay City Education Association, Inc., the Bay City Public
     Schools Secretarial and Clerical Association, the Bay City
     Public School Non-Academic School Employees Association,
     and several individual members of these labor organizations
     filed an unfair labor practice charge against the School District
     of the City of Bay City with the Michigan Employment Rela-
     tions Commission. The same parties subsequently filed separate
     grievances dealing with the same subject matter as the unfair
     labor charge, and sought arbitration of the grievances. The
     school district brought this action seeking a declaratory judg-
     ment that the matter was within the exclusive jurisdiction of
     MERC and was not arbitrable so long as it was pending before
     MERC. The Bay Circuit Court, William J. Caprathe, J., denied
     the school district's motion for summary judgment, and the
     school district appeals. *Held:*

     The defendants have invoked the exclusive jurisdiction of
     MERC. Having done so, the matter must now be conclusively
     decided by MERC.

     Reversed and remanded for entry of a declaratory judgment
     that the matters involved are not subject to private grievance
     arbitration.

     W. R. PETERSON, J., concurred in the result but would hold
     that any rights secured by collective bargaining are not unen-
     forceable by contractually secured arbitration merely because
     one party might file a related grievance with MERC.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 48A Am Jur 2d, Labor and Labor Relations §§ 1764, 1770, 1773.
     Validity and construction of statutes or ordinances providing for
         arbitraton of labor disputes involving public employees. 68
         ALR3d 885.
[2] 48 Am Jur 2d, Labor and Labor Relations §§ 622, 625 *et seq.*

1. Labor Relations — Public Employment — Employment Relations Commission — Arbitration.

The claim of a party to a public employment collective-bargaining relationship who has, by that claim, invoked the jurisdiction of the Employment Relations Commission under the public employment relations act should be resolved by the commission in accordance with the statutory processes; a court's order allowing the matter to be deferred to private arbitration while still pending before the commission is counter to the legislative intention of vesting exclusive jurisdiction in the commission.

Concurrence by W. R. Peterson, J.

2. Labor Relations — Public Employment — Employment Relations Commission — Arbitration.

*The Employment Relations Commission, once its jurisdiction has been invoked in a matter under the public employment relations act, may not defer decision pending the outcome of arbitration where one of the parties has submitted a related matter to arbitration.*

*Skinner & Gustafson* (by *William W. Allsopp),* for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *Thomas A. Baird),* for defendants.

Before: Danhof, C.J., and Bronson and W. R. Peterson,* JJ.

Per Curiam. On March 30, 1982, defendants Bay City Education Association, Bay City Public Schools Secretarial and Clerical Association, and Bay City Public School Non-Academic School Employees Association filed an unfair labor practice charge against plaintiff with the Michigan Employment Relations Commission (MERC). The charge alleged violation of the public employment relations act (PERA) in connection with certain subcontracting decisions made by plaintiff. Subsequently, the same defendants filed separate griev-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ances alleging that the same subcontracting policy violated collective-bargaining agreements with plaintiff. A full hearing was held before MERC regarding the unfair labor practice charge, and the matter is currently pending, with the parties awaiting decision by the hearing officer.

Nonetheless, despite the pendency of the matter before MERC, the same defendants filed separate demands for arbitration of their grievances. In the grievances, as in the unfair labor practice charge, the primary relief sought by the defendants is an order requiring plaintiff to bargain over the disputed subcontracting policy.

Plaintiff filed this action seeking a declaratory judgment that the matter was within the exclusive jurisdiction of MERC and that it was not arbitrable so long as it remains pending before MERC. The trial court issued an order denying plaintiff's motion for summary judgment. We reverse and remand.

Plaintiff points out that this issue has been thoroughly reviewed in the recent case of *Detroit Fire Fighters Ass'n v City of Detroit,* 408 Mich 663; 293 NW2d 278 (1980). In that case, the Court held that "once a party to a public employment collective-bargaining relationship invokes MERC's jurisdiction under PERA, that party's complaint should be resolved by MERC in accordance with the statutory processes", 408 Mich 685. In the present case, defendants have invoked MERC's exclusive jurisdiction, and any order allowing the matter to be deferred to private arbitration would run counter to the Legislature's intention in vesting MERC with such jurisdiction. *Id.* We hold that this dispute must be conclusively decided by MERC, and that grievance arbitration must be terminated.

We are not persuaded by defendants' attempts to distinguish or limit the impact of *Detroit Fire Fighters, supra.* The opinion announces a policy of broad application which extends far beyond the specific circumstances of that case. Defendant would circumvent that policy by adopting the reasoning of the dissent in *Detroit Fire Fighters.* However, this Court is bound by the ruling of the majority in that case. Absent citation to some authority which might have narrowed or limited the rule of *Detroit Fire Fighters,* we decline to depart from that rule in the present case.

The trial court's orders denying summary judgment to plaintiff and granting summary judgment to defendants must be reversed. The matter is remanded for entry of a declaratory judgment stating that the parties' dispute concerning subcontracting, together with any other issues submitted to MERC, have been placed within MERC's exclusive jurisdiction and are not subject to any private grievance arbitration.

Reversed and remanded. No costs, a public question being involved.

W. R. PETERSON, J. *(concurring).* I concur in the result herein solely because the facts indicate that (1) the issues and remedies which defendants seek to pursue simultaneously before MERC and the arbitrator are identical, and (2) defendants invoked the jurisdiction of MERC before filing the demand for arbitration.[1] I cannot concur in the view that rights secured through collective bargaining would be unenforceable through arbitration, itself contractually secured, merely because one party might file a related grievance with MERC. *Detroit*

[1] See *Senior Accountants, Analysts & Appraisers Ass'n v Detroit,* 399 Mich 449; 249 NW2d 121 (1976), and *Broward County Paraprofessional Ass'n v McComb,* 394 So 2d 471 (Fla App, 1981).

*Fire Fighters Ass'n v City of Detroit,* 408 Mich 663; 293 NW2d 278 (1980), noted in the majority opinion, merely holds that when MERC's jurisdiction is invoked, it cannot defer decision pending arbitration as is done under the federal "Collyer-Spielburg" doctrine.