REDFORD TOWNSHIP v REDFORD TOWNSHIP CIVIL SERVICE
COMMISSION

REDFORD TOWNSHIP v TEAMSTERS STATE, COUNTY &
MUNICIPAL WORKERS, LOCAL 214

TEAMSTERS STATE, COUNTY & MUNICIPAL WORKERS, LOCAL
214 v REDFORD TOWNSHIP

Docket Nos. 61307, 67855, 69548. Submitted December 6, 1983, at
Detroit.—Decided July 9, 1984. Leave to appeal applied for.

Three stewards of Teamsters State, County and Municipal Work-
ers, Local 214, Pierce Moran, William Brown, and Thelma
Haney, received discharge notices from their employer, Redford
Township, which informed them that they were being termi-
nated for "activity in violation of art 12, § 1 of the Collective-
Bargaining Agreement". Article 12, § 1 provided: "No em-
ployee, Union member or other agent of the Union shall call or
cause any strike, work stoppage or cessation of employment of
any kind whatsoever." Pierce Moran, individually, requested a
hearing before the Redford Township Civil Service Commission.
The civil service commission ordered that Moran be returned to
his position and his seniority rights, benefit rights, and employ-
ment record be restored. Redford Township filed a complaint in
Wayne Circuit Court seeking to enjoin the civil service commis-
sion from enforcing its order to reinstate Moran on the grounds
that the civil service commission "lacked jurisdiction". The
court, Maureen P. Reilly, J., granted Redford Township's mo-
tion for summary judgment and permanently enjoined the civil
service commission from enforcing its order. The civil service
commission appealed.

The other two avenues of relief pursued by the terminated
employees, through Local 214, were (1) arbitration through the
grievance procedures set forth in the collective-bargaining
agreement, and (2) the filing of unfair labor practice charges
with the Michigan Employment Relations Commission (MERC).

REFERENCES FOR POINTS IN HEADNOTE
48A Am Jur 2d, Labor and Labor Relations §§ 1772, 2026.
Right of public employees to strike or engage in work stoppage. 37
ALR3d 1147.

These proceedings were pursued contemporaneously, both with each other and with Moran's civil service proceedings. Local 214 filed a demand for arbitration pursuant to the grievance procedure set forth in the collective-bargaining agreement. Separate arbitration hearings were held for each of the three employees. The arbitrator issued an award reinstating Thelma Haney unconditionally. Awards were later issued reinstating Moran and Brown to their former statuses after a 30-day disciplinary suspension.

While these matters were pending before the arbitrators, Local 214 filed a charge with MERC, alleging that Redford had committed various unfair labor practices. MERC issued a decision finding that, while there was no direct evidence that either Moran or Brown instigated the work stoppage, the record shows that they assumed a leadership role in the strike soon after it began. MERC also found, however, that the actions of Thelma Haney were not "sufficiently indicative of a leadership role in an unlawful strike to permit [Redford] to single her out for a discharge".

Redford filed a complaint in the Wayne Circuit Court seeking to "set aside" and enjoin the enforcement of the arbitrator's awards which ordered the reinstatement of Moran and Haney, on the grounds that the arbitrators had exceeded the scope of their authority. Local 214 moved for an order of summary judgment dismissing Redford's complaint and enforcing the arbitration awards. The court, Victor J. Baum, J., granted Local 214's motion and ordered Redford to immediately comply with the arbitration awards. Redford appealed as of right from that order. Local 214 filed a "Complaint for Enforcement of Arbitration Award" in the Wayne Circuit Court to obtain an order enforcing the award issued in favor of William Brown. The court, Theodore R. Bohn, J., issued the requested order. Redford Township appealed and the three appeals were consolidated by the Court of Appeals. Prior to decision, Teamsters Local 214 was dismissed and the three individual employees were substituted as parties. *Held:*

Whether or not the employees violated a provision of the contract was within the authority of the arbitrators to decide. The township did not exercise its right to discharge employees under the public employment relations act and, therefore, the act does not apply. The trial courts correctly ordered the township to comply with the awards.

Affirmed.

LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — STRIKES — DISCHARGE FROM EMPLOYMENT.
  The public employment relations act makes the discharge or other disciplining of striking public employees discretionary with the public employer (MCL 423.206; MSA 17.455[6]).

*Cummings, McGlorey, Davis & Acho, P.C.* (by *Ethan Vinson* and *Christopher J. Johnson*), for Redford Township.

*Patrick J. McDonald*, for Redford Township Civil Service Commission.

*Law Office of Barry L. Howard* (by *Frank A. Guido*), for defendants Brown, Moran and Haney.

Before: BEASLEY, P.J., and V. J. BRENNAN and R. A. BENSON,* JJ.

V. J. BRENNAN, J. On April 16, 1981, three stewards of Teamsters State, County, and Municipal Workers, Local 214 (Local 214), to-wit: Pierce Moran, William Brown, and Thelma Haney, received discharge notices from their employer, Redford Township, which informed them that they were being terminated for "activity in violation of art 12, § 1 of the Collective-Bargaining Agreement * * *". The cited section of the collective-bargaining agreement provides:

"No employee, Union member or other agent of the Union shall call or cause any strike, work stoppage or cessation of employment of any kind whatsoever."

Upon receiving these notices, the affected employees pursued three separate courses of action. First, Pierce Moran, individually, requested a hearing before the Redford Township Civil Service

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Commission. On May 21, 1981, the civil service commission ordered:

"That Mr. Pierce P. Moran be returned to his position as of the first of May, 1981, and his seniority rights, benefit rights, and employment record be restored, with the addendum that in this instance there was an unwise set of circumstances which led to a suspension of his employment from April 16th to May 1, 1981."

On May 27, 1981, Redford Township filed a complaint in Wayne County Circuit Court seeking to enjoin the civil service commission from enforcing its order to reinstate Moran on the grounds that the civil service commission "lacked jurisdiction". On November 10, 1981, Judge Maureen P. Reilly granted Redford Township's motion for summary judgment and permanently enjoined the civil service commission from enforcing its order. The civil service commission appealed as of right from this order and was assigned Court of Appeals Docket No. 61307.

The other two avenues of relief pursued by the terminated employees, through Local 214, were (1) arbitration through the grievance procedures set forth in the collective-bargaining agreement, and (2) the filing of unfair labor practice charges with the Michigan Employment Relations Commission (MERC). These proceedings were pursued contemporaneously, both with each other and with Pierce Moran's civil service proceedings.

On April 27, 1981, Local 214 filed a demand for arbitration pursuant to the grievance procedure set forth in the collective-bargaining agreement. This demand produced separate arbitration hearings for each of the three employees. On January 5, 1982, arbitrator Mario Chiesa issued an award

reinstating Thelma Haney unconditionally. On January 6, 1982, arbitrator Leon J. Herman issued an award reinstating Pierce Moran to his former status after a 30-day disciplinary suspension. Issued much later was arbitrator Ruth E. Kahn's award on September 27, 1982, which reinstated William Brown to his former status after a 30-day disciplinary suspension.

On May 1, 1981, while these matters were pending before the arbitrators, Local 214 filed a charge with the MESC alleging that Redford had committed various unfair labor practices. A hearing was held on June 29, and July 15, 1981, before hearing referee Joseph B. Bixler. On September 14, 1982, the MERC issued a decision finding that, while there was no direct evidence that either Moran or Brown instigated the work stoppage, the record shows that they assumed a leadership role in the strike soon after it began. The MERC also found, however, that the actions of Thelma Haney were not "sufficiently indicative of a leadership role in an unlawful strike to permit [Redford] to single her out for a discharge".

On January 12, 1982, Redford filed a complaint seeking, *inter alia,* to "set aside" and enjoin the enforcement of the arbitrator's awards which ordered the reinstatement of Moran and Haney, on the grounds that the arbitrators had exceeded the scope of their authority. On August 3, 1982, Local 214 moved for an order of summary judgment dismissing Redford's complaint and enforcing the arbitration awards. On August 20, 1982, Judge Victor J. Baum granted Local 214's motion and ordered Redford to immediately comply with the arbitration awards. On December 12, 1982, Redford appealed as of right from that order and was assigned Court of Appeals Docket No. 67855.

On January 7, 1983, Local 214 filed a "Complaint for Enforcement of Arbitration Award" to obtain an order enforcing the belated award issued in favor of William Brown. On January 21, 1983, Judge Theodore R. Bohn issued the requested order. Redford claimed an appeal as of right from that order and was assigned Court of Appeals Docket No. 69548.

Because of the similarity of facts and issues, these three appeals, Docket No. 61307, Docket No. 67855, and Docket No. 69548, were consolidated by order on March 14, 1983.

Redford Township Civil Service Commission claims that the trial court erred in enjoining the civil service commission from enforcing its order because the public employment relations act (PERA) does not preempt the jurisdiction of the civil service commission. In any event, Moran was discharged for violating the collective-bargaining agreement and not for violating PERA.

Redford Township adopted the township civil service act, MCL 38.451, *et seq.;* MSA 5.193(1), *et seq.* The act provides at § 12 for the review of employee discharges by the civil service commission. MCL 38.462; MSA 5.193(12).

The collective-bargaining agreement entered into between Redford and Local 214 expressly provides at article X, § 1 for the resolution of contractual disputes pursuant to a grievance procedure which culminates in arbitration, to-wit:

"It is mutually agreed that all grievances, disputes or complaints arising under and during the terms of this Agreement shall be settled in accordance with the procedure herein provided."

Since the discharge notices given to Moran and the other employees stated that they were being

discharged for violating article XII, § 1 of the collective-bargaining agreement (a provision which forbids employees to "call or cause" a strike), the matter is arbitrable. Therefore, there appears, at first blush, to be a conflict between the commission's authority to review and the collective-bargaining procedure of arbitration.

However, article XIV, § 2 of the collective-bargaining agreement indicates that the parties intended to preempt the civil service commission's authority to decide arbitrable matters. That section provides:

"It is the intent of the parties that the Civil Service Act be superseded insofar as this collective-bargaining agreement is concerned. It is further agreed, and it is the intent of the parties, that the Chief Executive Officer of the Township administer this Agreement on Behalf of the Township, and the properly accredited representative of the Union administer this Agreement on behalf of the Union."

Because the collective-bargaining agreement was entered under PERA, it prevails over conflicting provisions found in municipal civil service acts. See, *Local 1383, International Ass'n of Fire Fighters v City of Warren,* 411 Mich 642, 655-663; 311 NW2d 702 (1981). Therefore, since the authority of the civil service commission under § 12 of the township civil service act was "diminished *pro tanto*" by the enactment of PERA, the trial court correctly enjoined enforcement of the civil service commission's order of reinstatement in case #61307.

Redford Township, in cases No. 67855 and No. 69548, claims that Judges Baum and Bohn erred by ordering Redford Township to comply with the arbitration awards.

The arguments made by Redford Township on appeal are basically that (1) once Local 214 filed a charge with the MERC, the MERC obtained exclusive jurisdiction over the issues regarding the termination of Moran, Williams, and Haney, and that (2) the arbitration awards are, in any event, contrary to public policy and should not be enforced.

Redford's first argument relies on misinterpretation of *Detroit Fire Fighters Ass'n v Detroit,* 408 Mich 663; 293 NW2d 278 (1980). In that case, our Supreme Court made it clear that, when employment disputes "implicating statutory rights" are presented to the MERC, the MERC cannot delegate resolution of those disputes to arbitrators. *Detroit Fire Fighters, supra,* p 685. We note that the alleged conduct for which these employees were discharged violates *both* the contractual provisions of the collective-bargaining agreement *and* the statutory provisions of PERA.

The arbitrators found, generally, that the employees in question did not "call or cause" a strike within the meaning of art XII, § 1 of the collective-bargaining agreement. The decisions of the arbitrators on this point are clearly within their authority, compare *Kaleva-Norman-Dickson School Dist v Kaleva-Norman-Dickson School Teachers' Ass'n,* 393 Mich 583; 227 NW2d 500 (1975), and are subject to attack only pursuant to the standards generally applicable to judicial review of arbitration awards. See *E E Tripp Excavating Contractor, Inc v Jackson County,* 60 Mich App 221, 250-252; 230 NW2d 556 (1975), *lv den* 394 Mich 834 (1975). The arbitrators' decisions, however, did not include a consideration of the statutory rights and duties of the parties under PERA.

With regard to Redford's power to discharge

these employees under PERA, such a right is found by implication. See, *Rockwell v Crestwood School Dist,* 57 Mich App 636, 642-643; 226 NW2d 598 (1975), *rev'd on other grounds* 393 Mich 616; 227 NW2d 736 (1975). As Justice WILLIAMS stated while dissenting in *Rockwell v Crestwood School Dist,* 393 Mich 616, 654:

"Nowhere in PERA is any discharge procedure set up. PERA does not specify that there must be notice and hearing before discharge. PERA does not specify that notice and hearing are not necessary before discharge. PERA § 6 does not provide in any way, shape, or fashion the mechanism or authority for a discharge or disciplinary proceeding.

"What PERA does set up is a procedure in its own words to be 'a determination as to whether he [the alleged striker] did violate the provisions of this act'. The pertinent language is:

" '[the alleged striker] shall be entitled to a determination as to whether he did violate the provisions of this act. The request shall be filed in writing within 10 days after regular compensation of such employee has ceased or other discipline has been imposed.'

"This hearing obviously is not a discharge or discipline hearing because it is only requested *after* discharge or discipline."

We find that Redford has not exercised its PERA § 6 rights since:

"Michigan law requires that any such writing which is intended to be relied upon to constitute notice to another party must be construed against the preparer of that notice." *Arnold v Crestwood Bd of Ed,* 87 Mich App 625, 644-645; 277 NW2d 158 (1978), *lv den* 406 Mich 948 (1979).

The discharge notices given to the affected employees indicated only that they were being discharged

for contractual violations and did not indicate that the employer would assert its right to discharge them under PERA. The employees' failure to seek a PERA § 6 hearing within the time provided by that statute should be attributed to the content of the employers' discharge notices.

Since the grounds asserted by Redford for vacating the arbitration awards are inadequate, and since Redford has yet to exercise its § 6 rights, the trial courts correctly ordered Redford to comply with the arbitration awards.

Redford also attacks the arbitration awards on the ground that they violate the public policy set forth in PERA. It is apparently Redford's view that § 6 of PERA requires that public employers be free to discharge striking employees.

As this Court stated in *Rockwell v Crestwood School Dist,* 57 Mich App 636, 643:

"As originally enacted, PERA provided for automatic termination of employment. 1947 PA 336, § 4. While that provision was repealed by 1965 PA 379, we do not believe it in any way detracted from the board's authority in this area. We believe it simply made the discipline of a striking employee discretionary with the employer under § 6."

Therefore, PERA does not require that striking public employees be discharged. While it may be possible to find in PERA a public policy that municipal employers not be prevented, by contractual restrictions, from discharging striking employees, see MCL 423.203; MSA 17.455(3), this case does not involve such a policy because Redford has not been prevented from exercising its § 6 rights.

Affirmed. No costs.