FLINT SCHOOL DISTRICT v UNITED TEACHERS OF FLINT, INC

Docket No. 80352. Submitted May 8, 1985, at Lansing.—Decided April 7, 1986. Leave to appeal applied for.

Defendant United Teachers of Flint, Inc., is the bargaining representative of the teachers employed by the Flint School District. In April and May, 1983, UTF filed grievances contending that the school district had violated the collective bargaining agreement by displacing UTF members and reassigning UTF work to members of another bargaining unit, defendant Congress of Flint School Administrators. On July 12, 1983, UTF demanded arbitration of those grievances. Seven days later, UTF filed unfair labor practice charges against the school district with the Employment Relations Commission, alleging that the school district had violated § 10 of the public employment relations act in that it had "unilaterally and without first notifying and bargaining with the United Teachers of Flint * * * displaced bargaining unit members from their teaching positions". While the unfair labor practice charges were pending before MERC, the grievances proceeded to arbitration. In May, 1984, the arbitrator issued a ruling in favor of UTF. The Flint School District brought an action in the Genesee Circuit Court against defendants, seeking to vacate the arbitration award and obtain declaratory relief. The MERC hearing officer subsequently issued an order recommending dismissal of all charges against the school district. The court, Judith Ann Fullerton, J., then granted the school district's motion for summary judgment, set aside the arbitrator's award, and found that UTF's institution of unfair labor practice charges before MERC had made the issues nonarbitrable. UTF appealed. *Held:*

The filing of an unfair labor practice charge with the Employment Relations Commission does not divest a contractual arbitrator of further authority to consider a grievance previously filed under the contract, but the commission's decision

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 10, 11, 61, 600, 844, 1356-1368, 2214.

Request or demand for, or refusal of, transcription or recording of bargaining sessions or grievance negotiations as unfair labor practice. 24 ALR3d 706.

controls and supersedes an arbitrator's award as to matters fully within the commission's jurisdiction.

Affirmed.

BRONSON, J., concurred in result only.

LABOR RELATIONS — EMPLOYMENT RELATIONS COMMISSION — ARBITRATION.

The filing of an unfair labor practice charge with the Employment Relations Commission does not divest a contractual arbitrator of further authority to consider a grievance previously filed under the contract, but the commission's decision controls and supersedes an arbitrator's award as to matters fully within the commission's jurisdiction.

*Bellairs, Dean, Cooley, Siler & Moulton* (by *C. Rees Dean*), for Flint School District.

*Levin, Levin, Garvett & Dill* (by *Erwin B. Ellmann* and *Martha R. Houser*), for United Teachers of Flint, Inc.

*Forrest & LaFalce* (by *Charles A. Forrest, Jr.*), for Congress of Flint School Administrators.

Before: R. B. BURNS, P.J., and BRONSON and R. L. TAHVONEN,* JJ.

R. L. TAHVONEN, J. Defendant United Teachers of Flint, Inc., (UTF) appeals as of right from a circuit court order granting summary judgment in favor of plaintiff, Flint School District, pursuant to GCR 1963, 117.2(3). The lower court vacated an arbitration award which was decided in favor of UTF, finding that the parties' dispute was not subject to arbitration as a matter of law because UTF had initiated separate unfair labor practice proceedings before the Michigan Employment Relations Commission (MERC), which had exclusive jurisdiction over the subject matter. We hold that UTF invoked the jurisdiction of MERC, and sum-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mary judgment in favor of the school district was proper. We further hold that, where one dispute is subject to both contractual arbitration procedures and MERC proceedings, the MERC decision is dispositive to the extent that the dispute lies within MERC's jurisdiction.

I

UTF is the bargaining representative of the teachers employed by the Flint School District. In April and May, 1983, UTF filed grievances contending that the school district had violated the collective bargaining agreement by displacing UTF members and reassigning UTF work to members of another bargaining unit, the Congress of Flint School Administrators. On July 12, 1983, the UTF demanded arbitration of those grievances. Seven days later, on July 19, 1983, UTF filed unfair labor practice charges against the school district with MERC, alleging that the school district had violated § 10 of the public employment relations act (PERA), MCL 423.210; MSA 17.455(10), in that it had "unilaterally and without first notifying and bargaining with the United Teachers of Flint * * * displaced bargaining unit members from their teaching positions". While the unfair labor practice charges were pending before MERC, the grievances proceeded to arbitration. In May, 1984, the arbitrator issued a ruling in favor of UTF.

The school district instituted the present action in circuit court on July 20, 1984, seeking to vacate the arbitration award and obtain declaratory relief. The MERC hearing officer subsequently, on July 30, 1984, issued an order recommending dismissal of all charges against the school district. On August 20, 1984, the circuit court granted the school district's motion for summary judgment, set

aside the arbitrator's award, and found that UTF's institution of unfair labor practice charges before MERC had made the issues nonarbitrable.

In granting the school district's motion, the trial court relied upon *Bay City School Dist v Bay City Education Ass'n, Inc,* 133 Mich App 729; 349 NW2d 808 (1984), *lv granted* 422 Mich 857 (1985), where a panel of this Court read *Detroit Fire Fighters Ass'n v City of Detroit,* 408 Mich 663; 293 NW2d 278 (1980), to hold that, once a party invokes the jurisdiction of MERC by filing an unfair labor practice charge, the dispute must be conclusively decided by MERC, and grievance arbitration must be terminated. The Court in *Bay City School Dist* read *Detroit Fire Fighters* as follows:

"Plaintiff points out that this issue has been thoroughly reviewed in the recent case of *Detroit Fire Fighters Ass'n v City of Detroit,* 408 Mich 663; 293 NW2d 278 (1980). In that case, the Court held that 'once a party to a public employment collective-bargaining relationship invokes MERC's jurisdiction under PERA, that party's complaint should be resolved by MERC in accordance with the statutory processes', 408 Mich 685. In the present case, defendants have invoked MERC's exclusive jurisdiction, and any order allowing the matter to be deferred to private arbitration would run counter to the Legislature's intention in vesting MERC with such jurisdiction. *Id.* We hold that this dispute must be conclusively decided by MERC and that grievance arbitration must be terminated." 133 Mich App 731.

On appeal, UTF contends that the trial court erred in vacating the arbitration award, in granting MERC exclusive jurisdiction so as to foreclose arbitration, and in ignoring the public policy favoring arbitration of labor disputes.

## II

This case requires that we address issues arising from but not decided by *Detroit Fire Fighters, supra.* In *Detroit Fire Fighters,* the Michigan Supreme Court held that MERC could not defer consideration of an unfair labor practice charge pending the conclusion of contractual arbitration under a collective bargaining agreement, RYAN, J., stating:

"We granted leave in this case limited to one issue:
" 'Whether the Michigan Employment Relations Commission may, when presented with allegations of unfair labor practices, defer hearing of those charges until after an arbitration award has been made pursuant to the collective bargaining agreement, where the subject matter of the alleged unfair labor practices is arguably covered by the collective bargaining agreement in question.'

"At the heart of this issue is whether our state Legislature, in enacting the public employment relations act (PERA), intended to authorize the Michigan Employment Relations Commission (MERC) to defer in its resolution of statutory unfair labor practice charges to the contract law determinations of a private arbitrator reached in an informal and recordless setting.

"A review of the statutory scheme for adjudication of unfair labor practice charges in the public sector, and related statutes, leads us to the conclusion that the Legislature did not intend such significant deferral to private arbitration of public sector statutory grievance disputes as would occur pursuant to MERC's decision and order in this case.

"Accordingly, we hold that MERC's order deferring its processes in this case pending the outcome of private arbitration should be reversed, and remand this matter to MERC for plenary consideration of the plaintiff's complaint pursuant to the statutorily provided means." (Footnotes omitted.) 408 Mich 675-676.

*Detroit Fire Fighters* did not explicitly determine

whether the filing of an unfair labor practice charge with MERC ousts an arbitrator of all further authority to consider grievances filed under the collective bargaining agreement. Nor did *Detroit Fire Fighters* determine the outcome of a potential conflict between MERC's findings and an arbitrator's award. We hold that MERC's decision controls and supersedes an arbitrator's award as to matters fully with MERC's jurisdiction. The Court in *Bay City School Dist* went too far to the extent that it read *Detroit Fire Fighters* to suggest that the filing of an unfair labor practice charge with MERC divests a contractual arbitrator of all further authority to consider a grievance under the contract. *Detroit Fire Fighters* merely indicated that MERC cannot wait for the contractual arbitration process to be concluded before proceeding on an unfair labor practice charge. We do not believe the Court in *Detroit Fire Fighters* held that the filing of an unfair labor practice charge with MERC divests the contractual arbitrator of all further authority to consider grievance issues arising under the contract. *Cf., Redford Twp v Redford Twp Civil Service Comm,* 136 Mich App 65; 356 NW2d 270 (1984), *lv granted* 422 Mich 857 (1985), where another panel of this Court read *Detroit Fire Fighters* more narrowly to hold that MERC's jurisdiction is exclusive only where rights guaranteed by PERA alone are in dispute. If the disputed rights were created or protected by both the collective bargaining agreement and PERA, *Redford Twp* permits continued arbitration notwithstanding MERC's proceedings.

III

Applying our holdings to the instant case, we believe summary judgment was properly granted

under GCR 1963, 117.2(3). There were no material factual disputes. While the issues of teacher displacement herein did not become nonarbitrable as a matter of law when the unfair labor practice charges were filed with MERC, as the lower court suggested, MERC did have jurisdiction over the issues for decision. The relief sought and the issues presented for arbitration were essentially the same as those pressed in the unfair labor practice charge before MERC. In both forums, the UTF asserted its teachers were being displaced and requested that the transfers be stopped or rescinded. Because MERC had jurisdiction over the unfair labor practice charge herein, its decision was dispositive.

Summary judgment in favor of plaintiff Flint School District is affirmed.

BRONSON, J., concurred in the result only.